IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JESSICA GINYARD, | ) | |
| | ) | |
| Plaintiff, | ) | 3:25-cv-13840-MGL-MGB |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (JURY TRIAL REQUESTED) |
| TOWN OF WINNSBORO, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Jessica Ginyard, by and through her undersigned attorney Bonnie Travaglio Hunt of Hunt Law LLC, does hereby make the following claims and allegations against the Defendant, Town of Winnsboro:

**PARTIES AND JURISDICTION**

1. The Plaintiff is a resident of the State of South Carolina.

2. The Defendant, Town of Winnsboro (hereinafter referred to as Defendant) is a public entity which is subsidiary of State Government and subject to Federal Statutes.

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

4. All parties and events herein mentioned are within the jurisdiction of this Honorable Court.

5. This Court has jurisdiction over the parties and subject matter and venue is proper.

6. The Plaintiff has properly filed with the EEOC for a Right to Sue in order to pursue the causes of action against the Defendant.

1

## PROCEDURAL HISTORY

7.     That on September 18, 2024, the Plaintiff filed her first charge of discrimination with the EEOC alleging discrimination based on Race and Sex Discrimination, Retaliation and Hostile Work Environment.

8.     That the Charge of Discrimination 436-2025-01958 set forth the following:

SCHAC # 3-25-85R, S, RET/EEOC 14C-2025-02958, set forth

I.   *That I am a current employee of the Defendant.  That I have been employed with the Town since July 2017 as the Clerk of Court.*

II.  *That I have several years' experience as a clerk for the court system.  I was trained in the 3rd largest Summary Court system in the state.  I have been trained in Court Management System at the State Judicial Office.  As a Court Clerk I am required to follow specific guidelines.*

III. *During my employment I have been through 3 Town Managers, 2 Human Resources Directors, 2 Finance Directors, 4 Police Chiefs, 2 Municipal Judges, and 5 Associate Municipal Judges without discipline.*

IV.  *I have trained every new judge that has come to the town on the system but have never been afforded or offered the opportunity to fill the position despite my experience.*

V.   *That recently during my employment I have been subjected to harassment and differential treatment based on my sex and race.*

VI.  *That I am one of only two females working in the Winnsboro Public Safety Building.  Based on my sex I have been berated, ostracized and subject to changes in the terms and conditions of my employment.*

VII.    I have been treated differently than male employees, who have not been subjected to the same treatment. I have been falsely accused of failing to properly handle my position.

VIII.    That I have reported male employees for failing to properly perform the requirements of their positions.

IX. That I have reported these actions to the Chief Judge who is my direct supervisor.

X.    That the Chief Judge has failed and refused to correct the behavior of other male employees.

XI. That due the failure to handle the situation I reported the situation to Human Resources.

XII.    As a result of my report to Human Resources, employees have been instructed not to come to my office.

XIII.    That no reasonable person should be subjected to such hostility based on race and age in violation of the law.

XIV.    The Actions of the Town are unwarranted and based on my race, sex and complaints.

XV. That male employees have not been subjected to the harassment, threats of discipline for failures to perform their positions.

XVI.    That I have been discriminated against based on my race and denied promotions and promotions based on my race. Black.

XVII.    That I have been discriminated against and denied promotions and positions based on my sex. Female.

XVIII.    *That the Employer has discriminated against me in violation of Title VII based on my race and sex.*

XIX.    *That I have been subjected to a hostile work environment that has been severe and pervasive*

XX. *That the Town has not offered a Judgeship based on my sex.*

XXI.    *That I have been subjected to retaliation in violation of Title VII and the Age Discrimination in Employment Act.*

XXII.    *That I filed a grievance as a result of discrimination.  My grievance has resulted in further hostility, changes in the terms of conditions of my employment and further ostracism.  That the actions of my employer were retaliatory.*

9.    On August 4, 2025, the Plaintiff requested the right to sue from the South Carolina Human Affairs Commission.

10.    The South Carolina Human Affairs Commission issued the right to sue on August 7, 2025.

11.    On September 5, 2025, the Plaintiff's request for a right to sue was sent to the DOJ.78

12.    The Plaintiff suffered further discrimination, harassment and retaliation as a result of filing this charge.

13.    The Plaintiff filed a second charge on September 18, 2025, which is still being investigated by the EEOC/SCHAC.

14.    The second charge of discrimination alleged discrimination based on Race, Sex, Disability, and Retaliation and Hostile Work Environment.

*15.*    The Second charge of discrimination set forth the following:

*THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):*

I.  *That I am a current employee of the Defendant.  That I have been employed with the Town since July 2017 as the Clerk of Court.*

II.  *That this is my second charge of discrimination.  Since filing my first charge of discrimination I have been subjected to a severe and pervasive hostile work environment and retaliation.*

III.  *That my employer is now having significant issues with the way the court is run despite it having been run this way for years.*

IV.  *That I have been threatened with discipline and accused of failing to perform my position since the filing of my first charge of discrimination in retaliation for my previous complaints*

V.  *That the differential treatment based on my race and sex has become significantly worse.*

VI.  *Based on my sex, race and previous complaints of discrimination my employer has continued to berate, ostracize and subject me to changes in the terms and conditions of my employment.*

VII.  *My employer's actions have continued to discriminate against me based on my race and sex in violation of the law.*

VIII.  *That I have been discriminated against in violation of Title VII.*

IX.  *That I have been subjected to retaliation and retaliatory hostile work environment for my previous complaints regarding discrimination, hostile work environment and retaliation in violation of Title VII.*

16.  The Plaintiff received the Right to Sue from the DOJ on September 29, 2025 for the first charge of discrimination filed in 2024.

17.     The Right to Sue set forth the following:

*You are receiving this notice because you filed the above charge(s) with the Equal Employment Opportunity Commission (EEOC), and you or your attorney specifically requested this notice.*

*Because either 180 days have passed since you filed the above charge(s), or because the EEOC has determined that it will not be able to conclude its administrative process within 180 days of the date it assumed jurisdiction of the charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):*

*Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.*

*If you decide to file a lawsuit under the statute(s) identified above, you must file it in the appropriate court within 90 days of receiving this Notice. This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious. If you haven't already, you may want to consult with a private attorney of your own choosing and expense.*

*If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Charlotte District Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/charlotte/location.*

18.     That not more than 90 days have passed since the issuance of the Right to Sue.

**FACTS**

19.     That the Plaintiff is an African American Female.

20. The Plaintiff is the clerk of court for the Town. The Plaintiff has been working in the court system since 2010 and the clerk for the Defendant since 2017.

21. As the town clerk of Court, the Plaintiff is responsible for maintaining court records, ensuring compliance with laws and regulations, managing court revenue, supervising staff, communicating with judges and public and overall maintaining her oath of office. The Plaintiff is required to follow the law of the constitution of the United States and the constitution of the State of South Carolina. The Plaintiff is also required to follow all case law issued by the hirer Courts.

22. The Plaintiff has received extensive training from the Court system on how things are required to be handled in her office. As part of the requirements of the Law, the Plaintiff is required to ensure that the police officers of the Defendant follow the law, the constitution and do not violate the rights of individuals.

23. As the Clerk of Court, the Plaintiff has trained all judges that have been hired by the town since becoming the clerk of Court in 2017.

24. As part of her position, the Plaintiff is required to ensure that the Police Officers are following the law, requirements of the DMV, requirement of the court, requirements of the rules of court and ethics. The Plaintiff reported different issues with the police department's officers and their failures.

25. As a result of those reports the Plaintiff observed that she was being treated differently than Caucasian Male employees of the Town.

26. In 2024, the Plaintiff is one of two black females working in the Defendant's complex.

27. As is required by the law, the Plaintiff reported certain officers' failures to follow the law, policies, rules, and regulations.

28. On May 22, 2024, the Plaintiff discovered that officers with the Town police department had some forged tickets. The Plaintiff reported these issues Chief Judge Goode. The forging of tickets is a violation of the oath of office, a violation of the constitution and the law. The Plaintiff voiced concerns to Judge Goode that if there were forged tickets for this officer how many more that they not found.

29. On May 24, 2024, the Plaintiff called Jennifer Edwards, Director of Human Resources for the Defendant reported bulling in the workplace by Police officers. The Plaintiff left a voicemail for Edwards. The Plaintiff further reported the bullying in the workplace to Town Councilman Chatman.

30. The Director of Human Resources did not return the Plaintiff's call.

31. On May 30, 2024, the Town manager Chris Clauson commented on the Plaintiff's graphic tee which said #scrivnation and asked if it said "discrimination." It was obvious that it did not say discrimination. However, the Town Manager was aware of the Plaintiff's allegations of misconduct of officers and the Plaintiff's contentions that she was being treated differently than others.

32. During the month of May 2024, the Plaintiff was harassed regarding parking in front of the building. The Plaintiff was granted an accommodation due to her workers' compensation action and injury.

33. On June 5, 2024, the Plaintiff was concerned regarding Edwards' failure to respond to her verbal complaint of bullying and discrimination. On this date, the Plaintiff further reported to Investigator Jason Williams that police officers were failing to properly serve warrants in compliance with the law. The Plaintiff further informed the investigator that the warrants were required to be redone due to the Judge's failure to

properly sign and other failing to properly complete the service. At this time, the Plaintiff learned that the judge who was improperly handling warrants had giving the Investigator Bose speakers as a gift. As a result of a failure to respond to her contentions the Plaintiff sent Head Solicitor, Riley Maxwell of the situation with warrants and the judge not properly signing the warrants.

34. Due to the Plaintiff's workers' compensation injury, she was not supposed to climb stairs. However, as a result of her complaints other employees refused to bring her the mail, so she was required to climb stairs further complicating her injury (workers' compensation case).

35. In June of 2024, the Plaintiff discovered further forgery of traffic tickets. The Plaintiff notified the Chief Judge of the forgeries.

36. In June 28, 2024, the Plaintiff had a meeting with Edwards, Human Resources Director, where Edwards mentioned that Officers were taking pictures of her car in the parking lot and mentioning that she was limping on the wrong leg. Edwards further stated that another Assistant Town Manager, Kathy Belton had mentioned that the Plaintiff parking in front of public safety was a liability. The Plaintiff informed Edwards regarding forget ticket with Edward Smith. The Plaintiff requested a meeting with Judge Goode and Chief Clemens to address the issues in the Police Department, the forgeries, and failures to follow the law.

37. Further during the June 28, 2024, meeting the Plaintiff informed Edwards that Judge Goode was making the plaintiff out to be the villain because he failed and refused to address public safety's failure to properly perform their positions. The Plaintiff addressed several other issues:

    a.   Forgery of former Deputy Chief Oren Gadson Signature by officer Tohompson,

    b.   Explained that Chief Judge Hollins had heard of the issue of forged tickets,

    c.   Discussed the other female employees complaint,

    d.   Discussed tampering with check stubs,

    e.   Discussed officer parking in handicap spot.

38.    During the meeting, the Town Manager, Chris Clauson informed the Plaintiff that he would discuss the Plaintiff's issues with Chief Clemens.

39.    In July of 2024, the Plaintiff made a complaint to the town as a Citizen of the Town. The Plaintiff complained that the City's meter reader had not properly read her meter and subsequently that had resulted in an error in her bill.  The employee was terminated.

40.    On July 8, 2024, the Plaintiff spoke with Chief Clemens about the Officer Thompson's failures to follow the law and policy regarding his tickets.

41.    On July 12, 2024, Edwards informed the Plaintiff that she had spoken to Chief Clemens about Officer Thompson's performance.  Chief Clemens informed Edwards that the ticket issue had been handled.  The Plaintiff also informed Edwards that Clemens was not as friendly anymore and that someone must have spoken to him about the Plaintiff speaking with Edwards about the issues with the Police department.  The Plaintiff informed Edwards that Judge Good needed to meet with Clemens and explain the law, the handling of tickets, the violations by his officers, and the actions to fix those issues.

42.    On July 25, 2024, the Plaintiff was required to participate in a meeting with Chief Judge Goode, and Associate Judge Bates.  The Plaintiff discussed the following:

    a.   Investigator Williams refusing court copies of rap sheet in judge's chambers;

    b.   Discussed Chief Clemens treatment of Caucasian officers vs. the Plaintiff.

    c.  Explained the discussion with Chief Clemens regarding the dismissal of his ticket;

    d.  Explained to Judge Goode about tickets being forged;

    e.  Explained to Judge Goode about speeding tickets not being properly completed;

    f.  Explained that Chief Clemens stated that all tickets are jailable; and

    g.  Informed the Judges that Chief Clemens had put the definition of Scrivener's Error on the Corut's door after court because his case had been dismissed.

43.  After the meeting Judge Good proceeded to the parking lot to discuss with Chief Clemens and Investigator Williams.

44.  After the meeting with the Judges, the Plaintiff discussed the issues presented at the meeting with Edwards. The Plaintiff informed Edwards that she felt harassed

45.  On July 27, 2024, the Police Department held a meeting and informed officers that officers were not allowed to enter the Plaintiff's office due to potential sexual harassment claims. The instruction was in retaliation for her complaints and to further create a hostile work environment. The actions of the Defendant isolated the Plaintiff from all other employees and led to severe emotional stress. All officers were white males and not subjected to discipline, harassment or any other emotional trauma as a result of their failures. The actions of the Defendant in addressing the issues with the officers clearly shows differential treatment, retaliatory hostile work environment.

46.  After the meeting, the Plaintiff was informed that Chief Clemens informed others that the Plaintiff does not have the best interests of the town at heart. The statement shows exactly how much Chief Clemens does not understand the requirements of the Clerk of Court

position and the Plaintiff's overall obligation to ensure that the law, ethics, rules are followed and that the Citizens of the City do not experience a violation of their Civil Rights.

47.     On July 29, 2024, the Plaintiff had a meeting with all judges letting them know what was going on with the Court, the issues with officers, the performance of the Court, the differential treatment and discrimination.

48.     On July 29, 2024, the Plaintiff notified the Judges that she did not feel safe with the threatening attitude of Chief Clemens and the Officers.

49.     On August 7, 2024, the Plaintiff received a rude email from Officer Thompson regarding a defendant's ticket.  Judge Goode was copied on the email.  At no point and time did Clemens or Goode protect the Plaintiff from the harassment or differential treatment from other employees.  The Plaintiff complained to Judge Goode about Thompson's behavior.  The Plaintiff later learned that Officer Thompson's actions were excused because he went to Judge Goode's personal law office and explained his actions.

50.     On August 12, 2024, the Plaintiff addressed the public complaining about tickets with Judge Goode.  Goode informed the Plaintiff that he had spoken to the town manager but did not explain anything that had happened.  The Plaintiff informed Judge Goode that she was taking the brunt of the failure of the officers to properly write tickets and come to court.  Judge Goode proceeded to have a private meeting with Clemens which the Plaintiff was excluded from.

51.     On August 14, 2024, the Plaintiff was called by Officer Brandon Clyde  and informed the Plaintiff that Officer Sanner had informed the officers that they are required to write their tickets a certain way because the Plaintiff as the clerk was "fucking lazy" and did not want

to put the tickets in the system correctly. The Officer proceeded to inform the Plaintiff that she was a bitch and had her head stuck up her ass.

52.    On August 19, 2024, Judge Goode requested that the Plaintiff meet with Clemens. The Plaintiff refused as the Plaintiff had been the subject of differential treatment and harassment for several months with Clemens and Judge Goode doing nothing to address the situation.

53.    On August 27, 2024, Lt. Larry Watkins from the Fairfield County Sheriff's office called dispatch and requested to speak to Jessica in clerk's office. Dispatch informed Lt. Watkins that there was no person employed with the Clerk's office with that name. Lt. Watkins then requested to speak to Jessica. Dispatch informed Lt. Watkins the Town had no one employed by that name. After being denied twice, Lt. Watkins said well transfer me to the Clerk's office. Lt. Watkins was finally transferred to the Plaintiff.

54.    On August 28, 2024, the Plaintiff filed a grievance.

The Grievance set forth the following:

*Jennifer Edwards*
*Human Resources Director*
*Town of Winnsboro*
*P.O. Box 209*
*Winnsboro, SC 29180*

*To Whom It May Concern:*

*Subject: Grievance Regarding: Gender Discrimination, Retaliation, Hostile Working Environment*

*I am writing to formally file a grievance regarding, gender discrimination, retaliation, and a hostile work environment, that I have experienced in the workplace, which I believe violates Title VII of the Civil Rights Act of 1964. Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin.*
*I have been employed by the Town of Winnsboro since July 2017, and have brought a wealth of knowledge to the court system. I have been formerly trained in one of the 3 rd largest Summary Courts in the state, I have also been trained and employed in the Court Management System at the State Judicial Office, which is the main computer program that courts are operated on. I have passed every audit performed by the state and the town. The plethora of knowledge that I have brought to the court*

13

*has been innumerable. I have been through 3 Town Managers, 2 Human Resource Directors, 2 Finance Directors, 4 Police Chiefs, 2 Chief Municipal Judges, and 5 Associate Municipal Judges. As the court clerk, I have remained faithful to my position.*

*As the Clerk of Court, I have always followed the procedural regulations and guidance that the State Supreme Court, SC Department of Motor Vehicles, Court Management System, and the SC State Judicial Office have provided to the Summary Court System. I have trained multiple judges that have been hired by the town. I have never been afforded and denied the opportunity to be one but have trained every new judge that has been employed by the town. As one of two females housed in Winnsboro Public Safety building, I have been berated, called out of my name, ostracized, and I have witnessed other employees receive some of the same treatment as well. I have been retaliated against with numerous officers, being falsely accused of getting cases dismissed when I was only doing my job and following the guidelines set by the state agencies that the Municipal Court reports to. I have been quietly accused of committing workers comp fraud. I have been excluded from meetings involving the court, when I am the one running the court 8 hours a day. I have reported the workplace bullying that I have witnessed, as well as the workplace bullying I have received. I have done my due diligence and reported to the proper chain of command.*

*These incidents have created a hostile work environment for me, negatively impacting my ability to perform my job duties, and have caused me significant emotional distress. The incidents have been peaking for months with no end or resolution near. As a result of this discriminatory treatment, I have experienced feeling unsafe in my work environment, I have been isolated from work colleagues and have been berated to the public that has come in to handle business with the court.*

*I should be protected from any retaliation as a result of filing this grievance, in accordance with Title VII protections. I am confident that the company values diversity and inclusion and will take this matter seriously.*

*Thank you for your prompt attention to this matter.*

*Sincerely,*

*Jessica Ginyard*

55.     On August 29, 2024, Officer Brandon Clyde called the Plaintiff in her office and informed her that he had been ambushed by Jennifer in HR regarding the plaintiff and Melinda Martin (the other black female in the department).  Clyde was not happy and treated the Plaintiff with upmost disrespect.

56.     On August 30, 2024, the Plaintiff was notified by Human Resources that they need to have a meeting with her the next week.

57.     On September 3, 2024, the Plaintiff was present when Officer Sanner was writing the bond amount on a ticket.  The Defendant had come to pay the bond.  The Officer had the bond amount on the Blue ticket but not on the Green Ticket.  The Plaintiff asked the Judge if the

Court was going to honor incorrect bond amounts that the officers were writing. The Plaintiff further explained that the Officers were never written on the tickets.

58.     On September 3, 2024, the Plaintiff was notified that her meeting would be September 6, 2024, at 4:00 pm. Human Resources refused to notify the Plaintiff who else would be attending the meeting.'

59.     On September 4, 2024, the Plaintiff was informed that the meeting was changed to Monday at 4:00 pm.

60.     On September 4, 2024, Jennifer Edwards informed the Plaintiff that Town employees were calling her an "angry black female."

61.     On September 4, 2024, the Plaintiff's attorney notified the town that the Plaintiff was represented by counsel and counsel requested to attend the meeting on Monday.

62.     On September 4, 2024, the Plaintiff's attorney was notified by the Town's attorney that he had received the notice and directed the following:

*I am in receipt of your email below, sent to my client, the Town of Winnsboro. I wanted to clarify something and respond to your request. Your client, Ms. Ginyard, used the term "grievance" in her letter to my client's human resources' director (see attached) but the Town has treated the letter she submitted as a complaint of discrimination, retaliation and hostile work environment, rather than a formal grievance. Therefore, the meeting with Ms. Ginyard is not a grievance hearing, but an interview that the Town's human resources director will be performing to gather details about Ms. Ginyard's complaint so that the Town can investigate it and take any action it deems necessary to correct any discrimination, retaliation or creation of a hostile work environment that it finds has taken place. Because this is an internal personnel matter, no third parties are permitted to be present or attend remotely unless an employee requires assistance due to a disability. The Town will not have an attorney present or attending remotely either. For those reasons, you will not be permitted to attend the scheduled meeting remotely.*

*Please direct any future communications related to this matter to me. Thank you in advance.*

63. On September 9, 2024, the Plaintiff was called a sitting duck. The Plaintiff suffered significant fear at this time due to the commentary coming from white officers, white judges and others in community.

64. On September 10, 2024, Officer Brandon Clyde called the Plaintiff at 9:47 am and informed her that Officer Sanner was referring to her as a Bitch and that if she ever became a judge he would have his cases heard elsewhere. At no point and time did the Plaintiff require the officers to perform actions that were not required by the Court or policy. All requirements were the law not the Plaintiff.

65. On September 10, 2024, the Plaintiff was called to a meeting with Jennifer Edwards, Human Resources Director. At this meeting Edwards showed exactly how much her and the officers of the Town did not understand the legal system of the State of South Carolina. On several occasions during the meeting Edwards informed the Plaintiff –"this is how you want it done." The Plaintiff was required to correct Edwards and inform her that it was not the Plaintiff's requirement but the DMV.

66. Further during this meeting, the Plaintiff asked if Clemons had talked to Johnathan as the Plaintiff was starting to suffer commentary regarding her employment. There was a lengthy discussion regarding who knew what and who talked to who.

67. The Plaintiff reported differential treatment based on discrimination and bullying by Judge Goode, Chief Clemens, Officers and the overall Town.

68. On September 13, 2024, the Plaintiff was left alone in the building without any security.

69. On September 16, 2024, the Plaintiff was required to remind Judge Robinson how to perform his tasks as a Judicial officer as required by the State. The Plaintiff was required to remind Robinson to read the files including the notes. The Defendant failed and refused to provide

security inside the court room as Officer Sanner was assigned and he sat outside the court room. Officer Sanner specifically failed to provide the proper security for the courtroom in retaliation for the Plaintiff's actions as the Clerk of Court and Officer Sanner's personal issues with failing to perform their position properly. The Court had several cases on the docket. Judge Robinson was required to go look for Investigator Williams for his case because he failed to show up for court.

70.    On September 16, 2024, the Plaintiff was called by Edwards requesting a video of the meter reader not properly reading her meter. Edwards informed the Plaintiff that she needed the video for the employee's unemployment hearing. The Plaintiff felt very uncomfortable in this situation due to the request coming at work and she had made the complaint as a citizen not an employee. The Plaintiff further felt threatened as the employee had been told by the Town who made the complaint. The release of the Plaintiff's name was against town policy and evidence of further retaliation against the Plaintiff for her complaints.

71.    On September 17, 2024, Chief Clemens came to courtroom and complained to Judge Goode with the Plaintiff present that there were a lot of motions to reopen cases on the roster. Chief Clemens stated that the Public Defender needs to send him paperwork so that he can ensure that his officers are present in court.

72.    On September 18, 2024, the Plaintiff filed her first charge of discrimination.

73.    On October 8, 2024, the Plaintiff received a response from the Town Personnel Director which set forth the following:

*This letter summarizes the results of the Town of Winnsboro investigation into your report of conduct you described as gender discrimination, retaliation and hostile work environment. As we discussed, the Town of Winnsboro takes such allegations very seriously and will not*

17

*tolerate inappropriate behavior in the workplace. Employees are encouraged to bring such matters to our attention at any time, without fear of any adverse actions being taken against them for doing so.*

*In my capacity as human resource manager, I have interviewed all the employees involved and out investigation is now complete.*

*The Town has taken the action it believes appropriate in light of the information gathered pursuant to its investigation of your complaint. Because personnel actions are discussed only with those affected by the actions in question, I am unable to provide you with any information concerning actions taken in response to your complaint.*

*Please do not hesitate to ask questions or speak up about matters that concern you. If you feel any form of retaliation occurs, report it immediately, so it can be addressed quickly.*

*Thank you again for bringing this matter to our attention. If you have any questions please schedule a meeting with the HR department.*

74. That the Plaintiff has suffered further discrimination and retaliation but those issues are still being investigated by the EEOC/SCHAC and have not been issued a Right To Sue at this time. Therefore, this complaint only covers issues before September 18, 2025.

75. The Plaintiff was targeted because of her race and sex, subjected to a hostile work environment and was denied promotion in retaliation for her complaints.

76. That as a direct and proximate result of the Defendant's intentional and unlawful action of discrimination against the Plaintiff, the Plaintiff has suffered lost wages, emotional damages, compensatory and consequential damages.

77. That the Plaintiff is entitled to an award of actual damages, compensatory, consequential, and punitive damages against the Defendant for her unlawful discrimination and hostile work environment.

78. That as a direct and proximate cause of the Defendant's wrongful discrimination, failure to promote, failure to provide equal opportunity and retaliatory actions based on Race and Sex Discrimination, Retaliation and hostile work environment of the Plaintiff, the Plaintiff has suffered significant damages.

79. That the Plaintiff is entitled to an award of damages against the Defendant for actual damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages, such as this Honorable Court deems appropriate and just appropriate.

## FOR FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE AND SEX

80. Paragraphs one (1) through seven-nine (79) are hereby incorporated verbatim.

81. The Defendant is an employer as defined by Title VII.

82. That the Plaintiff is an employee as defined by Title VII.

83. That the Plaintiff was considered an exemplary employee.

84. That while she has been employed with the Defendant, the Plaintiff has been able and has performed her job duties in a satisfactorily level of the Defendant.

85. That throughout the Plaintiff's employment the Plaintiff qualified for positions that she was denied.

86. That the Defendant refused to promote the Plaintiff to the position of judge. The Plaintiff was qualified and would have given up her position as clerk in order to have the opportunity to be promoted to judge.

87. That the Defendant considered the Plaintiff's sex and race when considering any and all employment decisions. The Plaintiff was subjected to a hostile work environment and discrimination that no reasonable person would have continued to suffer.

88. That the Defendant treated persons outside the Plaintiff's protected categories more favorably.

89. That the Defendant violated its own policies and procedures when it failed to promote the Plaintiff, failed to consider her when positions became available, and failed to consider the plaintiff based on her race, sex or previous complaints.

90. That the Defendant discriminated against the Plaintiff based on her race and sex in violation of the law.

91. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

92. That any and all reasons offered by the Defendant as a reason for failing to promote the Plaintiff are pretextual.

93. That the Plaintiff has suffered severe emotional damages as a result of the Defendant's discrimination against the Plaintiff.

94. That the Plaintiff was subjected to discrimination based on consideration of her race and sex, and complaints regarding the work environment.

95. That as a direct result of the Defendant's violation of Title VII the Plaintiff has suffered:

    a. Lost wages and lost benefits;

    b. Future lost wages and Benefits;

    c. Economic damages;

    d. Economic hardship;

    e. Lost wages;

    f.   Suffered anxiety, humiliation and emotional damages.

96.   That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the Title VII for the Defendant's discrimination against the Plaintiff.

**FOR A SECOND CAUSE OF ACTION**

**HOSTILE WORK ENVIRONMENT**

**IN VIOLATION OF TITLE VII**

97.   Paragraphs one (1) through ninety-seven (97) are hereby incorporated verbatim.

98.   That the Plaintiff is an employee of the Defendant as defined by Title VII.

99.   That the Defendant is an employer as defined by Title VII.

100.   That the Defendant subjected the Plaintiff to harassment and hostile work environment.

101.   That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

102.   That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's race, sex, and complaints.

103.   That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

104.   That the Plaintiff has been damaged as a result of the Defendant's work environment.

105.   That the Defendant are the direct and proximate cause of damage to the Plaintiff.

106.   That the Plaintiff is entitled to actual, compensatory, consequential and punitive damages from the Defendant as a result of the hostile work environment.

**FOR A THIRD CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF TITLE VII**

107.    Paragraphs one (1) through one hundred and seven (107) are hereby incorporated verbatim.

108.    That the Plaintiff participated in a protected act when she reported discrimination and retaliation.

109.    That the Plaintiff was retaliated against for reporting violations of her Civil Rights Act.

110.    That the Defendant took adverse employment action against the Plaintiff when the Defendant refused to promote the Plaintiff because she engaged in actions protected by the law.

111.    That the Defendant treated the Plaintiff differently regarding the terms and conditions of her employment when she reported discriminatory actions.  The Plaintiff suffered retaliation for her complaints regarding discrimination.

112.    That, as a direct and proximate result of the Defendant's intentional unlawful and retaliatory actions, the Plaintiff:

      a.  Suffered lost wages and lost benefits;

      b.  suffered severe emotional distress;

      c.  suffered future lost wages and future lost benefits;

      d.  suffered economic damages;

      e.  Loss of employment;

      f.  Loss of Future employment;

      g.  incurred attorney fees for this action;

      h.  incurred costs of this action; and

      i.  will incur future attorney fees and costs.

113.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous,

future and present, costs of previous future and this action, and other damages such as this

Honorable Court deems appropriate and just.

WHEREFORE, the Plaintiff prays for an award of damages against the Defendant in the amount of:

A.     Actual damages;

B.     Consequential damages;

C.     Compensatory damages;

D.     Any and all damages permitted under Title VII;

E.     Punitive damages;

F.     All other damages under South Carolina Law;

G.     Other damages such as this Honorable Court deems appropriate and just.

Respectfully Submitted,


_s/Bonnie Travaglio Hunt_
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

December 11, 2025